3118-125

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETHLEHEM ENTERPRISE, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 08 C 702 |
| CITY OF OAK FOREST, et al., | ) Honorable Amy St. Eve |
| | ) Magistrate Judge Maria Valdez |
| Defendants. | ) |

**THE CITY OF OAK FOREST'S MOTION TO DISMISS**

NOW COMES the Defendant, The City of Oak Forest, by its attorneys, LITCHFIELD CAVO, LLP, and pursuant to F.R.C.P. 12(b)(6) moves this Court for entry of an Order dismissing Counts I, II, III, IV, V, VI, VII, VIII, IX, and X of the Amended Complaint. In support thereof, The City of Oak Forest states as follows:

I. <u>INTRODUCTION</u>

On April 21, 2008, Plaintiffs filed an Amended Complaint which alleges, among others, the following causes of action.

- Count I – Violation of 42 USC § 1981;
- Count II – Violation of 42 USC § 1982;
- Count V – Violation of 42 USC § 1983 – Substantive Due Process;
- Counts VI – IX Violation of 42 USC § 1983 – Equal Protection;
- Count X – Violation of 42 USC § 1983 – First Amended Retaliation.

Although the Amended Complaint numbers over 40 pages, it fails to meet existing pleading requirements and utterly fails to state a claim for which relief may be granted.

II.  **THE AMENDED COMPLAINT FAILS TO ADEQUATELY PLEAD A CLAIM FOR MUNICIPAL LIABILITY**

In order to establish the elements of a § 1983 action against a municipality, Plaintiffs must demonstrate that their constitutional rights were violated, under color of law, as a result of municipalities "policy or custom."  *Monell v. Department of Social Services*, 436 U.S. 658, 98 § 2018 (S. Ct. 1978).  A plaintiff may establish municipal liability under § 1983 in one of the three following ways:

- Pleading – an express policy that, when in force, causes a constitutional deprivation;
- Alleging a widespread practice that, although not authorized by written law or express policy, is so permanent and well settled so as to constitute a custom or usage with the force of law; or
- Alleging that the constitutional injury was caused by a person with final policy-making authority
- *Baxter v. Vigo County School Corp.*, 26 F. 3d, 728, 734-35 (7th Cir. 1994).

To the extent that liability is sought based on a policy or custom, a plaintiff must plead and prove a direct causal link between the policy and the injury alleged.  *Graves v. Thomas*, 450 F. 3d 215, 218 (10th Cir. 2006).  A § 1983 plaintiff cannot rely upon a theory of *respondeat superior* to hold a municipality liable.  *See McDowell v. Brown*, 392 F. 3d 1283, 1289 (11th Cir. 2004).  Simply because a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee does not imply municipal culpability.  *Monell* and its progeny teach that a municipality is only responsible for its employees' actions if they were taken pursuant to an unconstitutional policy or a custom of the municipality itself.  *Monell* 98 S.Ct. at 236.  Recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality – that is, acts which the municipality has officially sanctioned, authorized or ordered.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 § 1292, 1298 (1986).

Here, the Plaintiffs utterly fail to allege either facts or conclusions which would permit them to move forward on their *Monell* claim. At no point in their 41 page pleading do the plaintiffs allege a constitutional deprivation or violation of federal law that is attributable to a custom or practice which amounts to a standard operating procedure. Finally, they do not claim that any of the constitutional violations or violations of federal law contained in the complaint were committed by a person with "final policy making authority." As a result, plaintiff's federal claims should be dismissed.

III.   PLAINTIFF'S SECTION 1981 AND 1982 CLAIMS ARE LEGALLY AND FACTUALLY DEFICENT

As with claims brought pursuant to § 1983, claims brought under § 1981 may not be based on *respondeat superior*. Rather, a plaintiff must show that the municipalities' official policy or custom was discriminatory. *Smith v. Chicago School Reform Board of Trustees*, 165 F. 3d 1142 (7th Cir. 1999). The burden lies with a § 1981 Plaintiff to establish the existence of a municipalities' discriminatory policy or custom. *Id*. at 116. As in § 1983 cases, a Plaintiff seeking to impose liability on a municipality must identify a policy or custom that caused his or her injury. The principles devised for § 1983 litigation by *Monell* and its following cases apply to suits brought under § 1981. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 736-37 109 § 2702. As a result, a plaintiff must allege facts or conclusions which state or imply that the alleged violation of § 1981 is attributable to an official policy, custom or practice. In Count I, Plaintiffs do not allege that any alleged discriminatory policy was perpetrated by a person having final policy making authority. Similarly, they do not allege that the violation is attributable to an official policy or a wide-spread custom or practice. As a result, Count I of the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

To prevail under a claim brought pursuant to § 1982, the Plaintiffs must prove that they were intentionally subjected to discrimination in connection with the formation or execution of a contract. *K.I. Morgan Company, Inc. v. Chicago Transit Authority*, 25 F. Supp. 2d 886, 890 (N.D. Ill. 1998). A municipality cannot be held liable under a theory of *respondeat superior* for the actions of its employees in forming that contract. Rather, it can be held liable only by means of a discriminatory policy. *Id.* The courts of this circuit have recognized three instances or scenarios in which such a policy violates persons' civil rights (1) An express policy that, when followed, deprives a person of his or her constitutional rights; (2) A wide spread practice that, though not authorized by an express policy or written law "is so permanent and well settled" as to constitute a custom and usage with a force of law; (3) An allegation that constitutional injury was caused by a person with "final policy making authority" *Rante v. City of Wooddale* 2008 WL 345603 at 4 (N.D.Ill. 2008). As with their § 1981 and 1983 claims, the amended complaint is devoid of any allegations which even remotely suggest that the City had a policy of discriminating against individuals in the formation of real estate contracts because of their race, ethnicity or national origins. Neither plaintiff claims that its violation of § 1982 is attributable to a custom or practice or was perpetrated to an individual with final policy making authority. As such, Count II fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

IV. PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM IS FACTUALLY AND LEGALLY DEFICIENT. IT IS ALSO REDUNDANT.

In Count V, Plaintiffs claim that the Defendants, including the City, engaged in actions that were "arbitrary, capricious, unreasonable, invidious and/or irrational and thereby violated Plaintiffs right to substantive due process." The Plaintiffs do not allege that the City has a custom, practice or official policy of violating substantive due process rights. Similarly, Plaintiff

4

does not allege that any putative due process violation was committed by a person having "final policy making authority." Accordingly, Count V should be dismissed.

Dismissal of Count V is also proper, inasmuch as constitutional law claims are to be addressed under the most applicable or explicit provision *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers v. Abitz*, 416 F. 3d 580, 586, (7th Cir. 2005). Precedent teaches that when a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, and not the most generalized notion of substantive due process must be the guide for analyzing claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Here, the Plaintiffs have alleged 14th Amendment Equal Protection and First Amendment claims. To the extent that the Plaintiffs have any constitutional claims, the proper frame work to evaluate those claims is found either in the First Amendment or in the Equal Protection clause. Accordingly, Plaintiffs' substantive due process claim should be dismissed as redundant.

V.  PLAINTIFFS' DUE PROCESS CLAIMS SHOULD BE DISMISSED PURSUANT TO THE LAW OF THE CASE DOCTRINE.

Dismissal of Count V is also proper under the law of the case doctrine. The law of the case doctrine provides that a court should not reopen issues decided on the merits in earlier stages of the same litigation, unless the court is "convinced that its prior decision is clearly erroneous and would work a manifest injustice." *Agostin v. Felton*, 521 U.S. 203 117 § 1995. 7th Circuit precedent teaches that once a court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding if a district court is asked to decide the same issue in a later phase of the same case. *U.S. v. Mazak*, 789 F. 2d 580, 581-82 (7th Cir. 1986).

Application of the law of the case doctrine to Count V warrants dismissal. In paragraph 103 of Count V, the Plaintiffs allege "the Defendants' actions were arbitrary, capricious, and unreasonable, invidious and/or rational and thereby violated Plaintiff's rights to substantive due process under the 14th Amendment of the United States Constitution." As this Court knows, the original action filed under Case No. 06 C 1772 included a count for administrative review. On March 12, 2007, the Plaintiffs moved for judgment on the administrative review count (C06C1772 docket number 85). In their Motion, the Plaintiffs sought the following relief:

- A finding that Plaintiff Bethlehem's extended-stay hotel proposal constitutes a continuation of an existing legal non-conforming use;
- Reversing the final decision of Defendant Oak Forest Planning and Zoning Commission which denied a commercial business license to Bethlehem; and
- Directing Defendant City of Oak Forest to grant Bethlehem a commercial license to operate the extended stay hotel.

On July 20, 2007, this Court issued a ruling in which it denied Plaintiffs requested relief and affirmed the decision of the Oak Forest Planning and Zoning Commission (See Exhibit A attached hereto). In reaching this decision, this Court concluded that the City Administrator's belief that Bethlehem's proposed use of the property was intended to "serve long term guests" was "well supported by the record" (See page 6 of Exhibit A). The Court also concluded that "because Bethlehem's proposal involves a change from an existing motel/hotel use to another use that is not permitted in the M2 District, Bethlehem cannot proceed with their plans under the Zoning Ordinance." (See page 7 of Exhibit A). This Court found that the plaintiffs not only failed to show that a "mistake was committed" but also found that the city administrator and zoning commission correctly determined that Bethlehem's proposal involved a change in use. These findings are the law of this case. As a result, the substantive due process claim must be dismissed to the extent that it was based on the City's decision to deny Bethlehem a business license to operate an extended stay hotel, especially since this Court concluded that the Zoning

Commission's decision was justified not only when analyzed under the deferential "clearly erroneous" standard but also when analyzed using the *de novo* standard.

VI. COUNTS VI, VII, VIII AND IX FAIL TO STATE A CLAIM FOR RELIEF AGAINST THE CITY

Counts VI, VII, VIII and IX are brought pursuant to 42 USC §1983 and purport to allege violations of the 14th Amendment's Equal Protection clause. Nowhere in their 41-page pleading do the Plaintiffs allege that the City has a custom and practice of denying equal protection under the laws to racial or ethnic minorities. Similarly, the Plaintiffs do not claim that there is an official policy in place at the City which results in discrimination against racial or ethnic minorities. Finally, the Plaintiffs do not claim that the putative equal protection violations were committed by a person or persons having "final policy making authority." As a result, Counts VI, VII, VIII and IX fail to state a claim upon which relief may be granted and should be dismissed.

VII. PLAINTIFFS' FIRST AMENDMENT CLAIMS ARE LEGALLY AND FACTUALLY DEFICIENT.

In paragraph 137, Parvati alleges that "the Defendants were motivated by a desire to retaliate against Parvati because Parvati "assisted Lockridge in the exercise of its First Amendment Rights relating to a proposed billboard." Parvati fails to allege that the City has a custom or practice of retaliating against individuals or corporations that engage in First Amendment activity. Likewise, Parvati does not claim that the alleged First Amendment violation is attributable to an official policy or was perpetrated by an individual having final policy making authority. Accordingly, Count X should be dismissed.

VIII. SINCE THE PLAINTIFFS FAIL TO STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS, THE CITY IS ENTITLED TO DISMISSAL OF ALL FEDERAL CLAIMS

In the absence of such allegations, Count X fails to state a claim upon which relief may be granted, and thus should be dismissed. 7th Circuit and Supreme Court case law teaches that a municipality cannot be found liable if there is no finding against the individual officers or officials on the underlying claim. *Durkin v. City of Chicago*, 341 F. 3d 606, 615, (7th Cir. 2003); *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 § 1571 (1986). Neither *Monell* nor any of its following cases authorizes an award of damages against a municipal corporation based on the actions of one of its officials where a jury has concluded that the individual defendant did not inflict a constitutional harm. *Id.* Section 1983 creates a cause of action based on personal liability and is predicated upon fault. As a result, liability does not attach unless the individual defendant caused or participated in the alleged constitutional deprivation. *Manney v. Monroe*, 151 F. Supp. 2d 976 (N.D. Ill. 2001). *Vance v. Peters*, 97 F 3d 987, 991-92 (7th Cir. 1996). Similarly, an individual is not liable under either 42 USC Section 1981 or Section 1982 absent actual and personal involvement. *Hollands v. Kraas*, 369 F. Supp. 1355 (D.C. Ill 1973); *Daulo v. Commonwealth Edison*, 892 F. Supp. 1088, 1091 (N.D. Ill. 1995).

Although the plaintiffs devote 20 pages of the Amended Complaint to alleging "facts," they utterly fail to identify the basis for relief sought against the individual defendants, what their claims are against the individual defendants, and the grounds upon which those claims rest. *See Bell Atlantic Corp. v. Twombly*, 127 S.C.T. 1955, 1964 (2007). As the Supreme Court explained in *Bell Atlantic*, the Plaintiffs are obligated to provide the "grounds" of their "entitlement to relief" and in so doing must provide more than "labels and conclusions." *Bell Atlantic*, 127 S.

Ct. 1964-65.  Accordingly, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level".  *Id* at 1965.

While the Plaintiffs identify various grievances, slights and petty disagreements, the amended complaint does not state plausible claims against the individual defendants.  Under Count I, the Plaintiffs claim that "Defendants intentionally discriminated against the Plaintiffs by rejecting the proposed use of the subject property because Bethlehem was owned and operated entirely by blacks."  The complaint fails to identify how the individual defendants were specifically involved in the alleged discrimination and also fails to identify a specific act or omission attributable to the individual defendants.  Count II is virtually identical to Count I and differs only that it is based on 42 Section 1982 as opposed to Section 1981.  The Plaintiffs allege that the individual Defendants denied Bethlehem a business license and thereby prevented a contingency from being fulfilled in the contract between Parvati and Bethlehem.  Nowhere in the amended complaint do the Plaintiffs identify specifically, or even in a general sense, what the individual defendants did that prevented the contingency from being fulfilled.

In each of the federal counts, the Plaintiffs simply state that "by virtue of their actions" the Defendants either violated federal law or deprived them of a constitutional right.  However, at no point do the Plaintiffs identify, in even a general sense, what the individual defendants did, what "their actions" were and how those actions caused the alleged constitutional violations.  In other words, the Plaintiffs offer only labels and conclusions and fail to show that they are able to state a claim to relief that is "plausible on its face"

CONCLUSION

Dismissal is appropriate not only because the allegations directed to the municipality are deficient, but also because the complaint singularly fails to identify any specific act or acts or wrongdoing allegedly committed by the individual defendants.

WHEREFORE, the City of Oak Forest prays for entry of and order dismissing Counts I, II, III, IV, V, VI, VII, VIII, IX, and X of the Amended Complaint for any additional relief the court deems proper.

                                                Respectfully submitted,

                                                LITCHFIELD CAVO, LLP.

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300          By:   /s/ Patrick J. Ruberry
(312) 781-6677                               Attorneys for the defendant,
(312) 781-6630 fax                      City of Oak Forest

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served The City Of Oak Forest's Motion To Dismiss by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 29rh day of May, 2008.

|  |  |
|---|---|
| Patrick J. Ruberry, Esq. (06188844)<br>LITCHFIELD CAVO, LLP<br>303 West Madison Street , Suite 300<br>Chicago, IL 60606-3300<br>(312) 781-6677<br>(312) 781-6630 fax | /s/ Patrick J. Ruberry<br>Attorneys for the defendant,<br>City of Oak Forest |