IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETHLEHEM ENTERPRISE, INC., an Illinois corporation, and PARVATI CORP., an Illinois corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 702 |
| v. | ) ) | Judge Amy St. Eve |
| CITY OF OAK FOREST, an Illinois municipal corporation, STEVE JONES, individually and in his official capacity as City Administrator of the City of Oak Forest; ADAM DOTSON, individually and in his official capacity as the Coordinator of the Community Development Department of the City of Oak Forest; and DAVID NEWQUIST, individually and in his official capacity as Assistant Coordinator of the Community Development Department of the City of Oak Forest, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

**INDIVIDUALLY NAMED DEFENDANTS' MOTION
TO DISMISS AMENDED COMPLAINT**

NOW COME Defendants, STEVE JONES, ADAM DOTSON, and DANIEL NEWQUIST, by their counsel, ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C., and move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss them from the Complaint, and, in support of their Motion, state as follows:

**I.   Introduction**

Plaintiffs have filed an Amended Complaint in their refiled federal case which restates various federal claims, as well as a declaratory judgment claim that the City did not give proper notice when it divided the M District where the property is located into M1 (light industrial) and M2

(heavy industrial) districts. The individually named Defendants adopt the arguments made on behalf of the City in its Motion to Dismiss the Amended Complaint. In addition, dismissal of Bethlehem with prejudice eliminates the bulk of Plaintiff's race discrimination claims, further supporting the City's argument that Plaintiff Parvati fails to state a claim under federal law. Moreover, the individually named Defendants are entitled to qualified immunity. Finally, Counts XI and XII for declaratory judgment and damages based on the adoption of the M1 and M2 districts should be dismissed because: (1) the challenge to the rezoning decision is not timely; (2) Plaintiff is not entitled to the relief requested and (3) Plaintiff has no standing.

## II.     The Individually Named Defendants are Entitled to Qualified Immunity

Under qualified immunity, a Plaintiff seeking to recover from a government official must show that there was a clear violation of a constitutional right, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982) ("Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known".) Here, there was no clear violation of a constitutional right because the decision of the individuals named in the Amended Complaint involved appropriately enforcing the local zoning code in denying a business license to operate a senior living facility in an industrial area. This Court previously decided in its July 20, 2007 Order that the decision of Steve Jones and the Planning and Zoning Commission to deny the business license was proper. Not only was there no clear violation of a constitutional right, but the decision was actually upheld by this Court. Accordingly, the individually named Defendants are entitled to qualified immunity and should be dismissed.

**III.     Challenge to Rezoning Decision is Untimely**

Pursuant to Section 11-13-25 of the Illinois Municipal Code, rezoning actions or other amendments to a zoning code are subject to de novo judicial review. 65 ILCS 5/11-13-25. However, according to the statute, "[a]ny action seeking the judicial review of [a rezoning decision] shall be commenced not later than 90 days after the date of the decision." *Id*. Pavarti filed its Complaint challenging the City of Oak Forest's rezoning amendment, Ordinance 2836, on February 29, 2008. This was more than three and a half years after the July 21, 2004 Planning and Zoning Commission hearing which Plaintiff alleges was improperly noticed. Because Plaintiff's legal challenge is well past the statutory time limit for challenging a zoning change, Counts XI and XII should be dismissed as untimely.

**IV.     Plaintiff is Not Entitled by Law to Relief Requested in Count XI**

When setting forth a claim, plaintiffs must limit their prayer to relief to which they are entitled under the law, and which is supported by the alleged facts in the Complaint. *LaSalle Nat. Bank v. DuPage County*, 77 Ill.App.3d 562, 396 N.E.2d 48, 32 (Ill. 1979) (holding that a judicial declaration invalidating a zoning ordinance amendment does not compel the court to declare specific uses acceptable or unacceptable under pre-existing zoning ordinances). Complaints should be dismissed if the relief requested is beyond that which the Plaintiff is entitled to by law. *Joseph v. Collis*, 272 Ill.App.3d 200, 649 N.E.2d 964 (Ill. App. 1995).

Plaintiff Pavarti requests that the Court "declare that PAVARTI and any person or entity to whom PAVARTI may sell the Subject Property is entitled to a license to use the Subject Property as an extended stay hotel or senior living facility." Plaintiff has not alleged any facts to support, nor is Pavarti legally entitled to, such relief. Even if the Court declared Ordinance 2836 void under

State law, as requested by the Plaintiff in Count IX of the Complaint, the Plaintiff would only be entitled to the rights under the zoning code as it existed prior to the amendment. *Northern Trust Co. v. City of Chicago*, 4 Ill.2d 432, 123 N.E.2d 330, (Ill. 1954). In this case, the previous M zoning designation permitted "highway oriented commercial/retail uses, as determined by the planning and zoning commission" subject to approval by the Zoning Commission. Any determination regarding the appropriateness of the proposed "extended stay hotel or senior living facility" is made by the planning and zoning commission. Without a final decision from the planning and zoning commission on the proposed plan, Plaintiff's request for a court declaration approving such a use is unripe and improper.

Therefore, absent planning and zoning commission approval, Plaintiff has no legal right to a license for the proposed use, whether or not the latest zoning amendment is valid. Therefore, Count XI of the Complaint should be dismissed because it requests relief that Plaintiff is not entitled to by law.

**V.　　Plaintiff Has no Standing to Bring Counts XI and XII**

To have standing to bring suit, the Plaintiff must demonstrate that 1) they have suffered an actual injury ("injury-in-fact") or be subject to an imminent injury; 2) the injury is fairly traceable to the defendant's actions; and 3) a favorable decision rendered by the court must likely redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). To demonstrate an "injury-in-fact" Plaintiffs must demonstrate "an invasion of a legally protected interest which is (a) concrete and. . . (b) actual or imminent, not conjectural or hypothetical." *Cox v. City of Dallas*, 256 F.3d 281 (5th Cir. 2001) quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

In this case, Pavarti lacks standing to bring Count XI because it fails to allege an "injury in fact." Specifically, in Count XI of the Complaint, Plaintiff Parvati fails to identify a "legally protected interest" that has been injured by the allegedly illegal rezoning ordinance. Plaintiff Parvati claims that the City of Oak Forest, and named Defendants, deprived him of a business license for an extended stay hotel or a senior living facility. In Count XII, Parvati requests damages for the City's zoning decisions. However, the Plaintiff has never held a vested, legally protected right to a business license. Even under the pre-amended M-zoning designation, Plaintiff Parvati would need Planning and Zoning Commission approval of plans before a business license for such activities would be granted. Pavarti has no legal right to, or legally protected interest in, such an approval. While Pavarti may have had a legal right, under the former ordinance, to a hearing on the proposed land use, Pavarti has not alleged an injury to this legal right in the Complaint.

WHEREFORE, Defendants, STEVE JONES, ADAM DOTSON, and DANIEL NEWQUIST, respectfully request that this Court grant their motion and dismiss them from the present action.

Respectfully submitted,

By:     /s/   Jody Knight

GREGORY S. MATHEWS
JODY KNIGHT
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 3, 2008, I electronically filed the foregoing Individually Named Defendants' Motion to Dismiss Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

John R. Wimmer
928 Warren Avenue
Downers Grove, IL  60515
jwimmerlaw@sbcglobal.net

Patrick J. Ruberry
Litchfield Cavo, LLP
303 West Madison, Suite 300
Chicago, IL  60606
ruberry@litchfieldcavo.com

Philip F. Cuevas
Thomas A. Jacobson
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, IL  60661
pcuevas@dowdanddowd.com
tjacobson@dowdanddowd.com

             /s/ Jody Knight
             jknight@ancelglink.com