IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETHLEHEM ENTERPRISE, INC., and Illinois corporation, and PARVATI CORP., an Illinois corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE CITY OF OAK FOREST, an Illinois Municipal Corporation; STEVE JONES, individually and in his official capacity as City Administrator of the City of Oak Forest; ADAM DOTSON, individually and in his official capacity as the Coordinator of the Community Development Department of the City of Oak Forest; and DAVID NEWQUIST, individually and in his official capacity as Assistant Coordinator of the Community Development Department of the City of Oak Forest,<br><br>            Defendants. | Case No. 08 C 702<br><br>Judge Amy St. Eve<br><br>Magistrate Judge Valdez |

**INDIVIDUALLY NAMED DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants, STEVE JONES, ADAM DOTSON, and DANIEL NEWQUIST, by their counsel, Jody Knight of ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C., and move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims against them in Plaintiff's Second Amended Complaint, and, in support of their Motion, state as follows:

**I.    INTRODUCTION**

Plaintiffs have now filed a Second Amended Complaint in their refiled federal case, which includes the following claims against the individually named Defendants:

- Count I: Violation of 42 U.S.C § 1981;

- Count II: Violation of 42 U.S.C § 1982;
- Count III: 42 U.S.C. § 1983 – Equal Protection of the Laws;
- Count IV: 42 U.S.C. § 1983 – Due Process (against City, Jones, Dotson and Newquist);
- Count V: 42 U.S.C. § 1983 – Due Process (against City, Dotson and Newquist);
- Count VIII: 42 U.S.C. § 1983 – Retaliation for Exercise of First Amendment Rights;
- Count IX: Declaratory Judgment under State Law that Ordinance 2836 is Void;
- Count X: Claims Under the Illinois Constitution for Damages For Enactment and Enforcement of Void and Unconstitutional Ordinance (2836).

Although Plaintiff has thrown numerous Counts and 47 pages at Defendants, presumably to see what would stick, all of the allegations are factually and legally deficient, and the individually named Defendants are barred by qualified immunity. Furthermore, Counts IX and X for declaratory judgment and damages based on the adoption of the M1 and M2 districts should be dismissed because: (1) the challenge to the rezoning decision is not timely; (2) Plaintiff has no standing; and (3) Plaintiff is not entitled to the relief requested. The deficiencies in Plaintiff's Second Amended Complaint cannot be remedied and the individually named Defendants should be dismissed with prejudice.

II. **PLAINTIFF'S FEDERAL CLAIMS ARE INSUFFICIENTLY PLED AND BARRED BY IMMUNITY**

    A. **Plaintiff Fails to State a Federal Claim**

Although the basis of Plaintiff's federal claims is fairly obscure, it appears that Plaintiff's claims under § 1981 (Count I), § 1982 (Count II), and § 1983 (Counts III through V) are based on allegations that when the City passed Ordinance 2836, which created the M1 and M2 Districts out of what had been the M District, it did not properly specify which properties were designated M1 and which were designated M2. Plaintiff

provides no factual allegations with regard to this claim, and certainly provides no factual allegations to support its serious claim that City officials gave false testimony based on an assumption that the subject property had been rezoned.  Plaintiff further alleges that the City ordinance that adopted the M1 and M2 Districts was unconstitutionally vague in some way, but it fails to either attach the attacked ordinance or reference any allegedly vague language. Finally, there are no factual allegations regarding actual animus on the part of the individually named Defendants, and therefore there can be no recovery under sections 1981, 1982 or 1983.  Plaintiff's allegations are so hollow, including its equal protection and due process claims, as to fail to meet even federal notice pleading requirements as articulated in *Bell Atlantic v. Twombly*.  *Bell Atlantic v. Twombly*, 127 S.Ct.1955, 1964-1965 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

Furthermore, the harm alleged by Plaintiff is that Bethlehem was denied a business license to operate an extended stay hotel.  However, even when the property was zoned M, there was no right under the statute to use the property either as "an extended stay hotel" or as an independent living facility, which is what was truly to be developed on the property.  Plaintiff admits that its argument that Bethlehem's proposed use would have been permitted in the M District is based on the fact that "highway oriented/retail uses, as determined by the Planning and Zoning Commission" were permitted.  However, under the Zoning Ordinance language cited by Plaintiff itself it is clear that what constituted "highway oriented/retail uses" was based on the discretion of the Planning and Zoning Commission.  On its face the ordinance does not permit either an "extended

stay hotel" or a senior living facility. In fact, Plaintiff has not, and cannot, point to any City zoning provision, either before or after adoption of the M1 and M2 Districts, which permitted the property to be used as requested by Bethlehem.

Plaintiff's due process claims are further easily disposed of because this Court already affirmed the decision of the Oak Forest Planning and Zoning Commission to deny Bethlehem a business license when it dismissed with prejudice Plaintiff's administrative review claim in case number 06 C 1772. In that decision, the Court held that Bethlehem's proposed use of the property was a change in use from the prior hotel/motel use to a different use, and that the City Administrator's decision to deny Bethlehem a business license was supported by the record. This decision is not affected by Parvati's new arguments regarding the adoption of the M1 and M2 Districts because, as discussed above, Bethlehem's proposed use of the property for long-term living by senior citizens was not a permitted use under the M District.

Plaintiff alleges in Count VIII that the City and individually named Defendants retaliated against it for assisting Lockridge in the exercise of its First Amendment rights and for protesting its treatment by the City. However, the Count does not even mention any actions taken by any of the individually named Defendants, much less set forth sufficient factual allegations to put the Defendants on notice as to the claims alleged. Therefore on its face this Count should be dismissed against Jones, Dotson and Newquist.

### B. Even if Plaintiff Could State a Claim against the Individually Named Defendants, they are Entitled to Qualified Immunity

Under qualified immunity, a Plaintiff seeking to recover from a government official must show that there was a clear violation of a constitutional right, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102

4

S.Ct. 2727 (1982) ("Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Here, there was no clear violation of a constitutional right because the decision of the individually named Defendants involved appropriately enforcing the local zoning code in denying a business license to operate a senior living facility in an industrial area. This Court previously decided in its July 20, 2007 Order that the decision of Steve Jones and the Planning and Zoning Commission to deny the business license was proper. Not only was there no clear violation of a constitutional right, but the decision was actually upheld by this Court. Accordingly, the individually named Defendants are entitled to qualified immunity and should be dismissed.

### III. PlAINTIFF'S STATE ZONING CLAIM CANNOT STAND

#### A. Plaintiff's Challenge to the City's Rezoning Decision is Untimely

Pursuant to Section 11-13-25 of the Illinois Municipal Code, rezoning actions or other amendments to a zoning code are subject to de novo judicial review. 65 ILCS 5/11-13-25. However, according to the statute, "[a]ny action seeking the judicial review of [a rezoning decision] shall be commenced not later than 90 days after the date of the decision." *Id*. Pavarti filed its Complaint challenging the City of Oak Forest's rezoning amendment, Ordinance 2836, on February 29, 2008. This was more than three and a half years after the July 21, 2004 Planning and Zoning Commission hearing which Plaintiff alleges was improperly noticed. Because Plaintiff's legal challenge is well past the statutory time limit for challenging a zoning change, Counts IX and X should be dismissed as untimely.

### B.　　Plaintiff Does not Have Standing to Challenge the City's Zoning Decisions

To have standing to bring suit, the Plaintiff must demonstrate that 1) they have suffered an actual injury ("injury-in-fact") or be subject to an imminent injury; 2) the injury is fairly traceable to the defendant's actions; and 3) a favorable decision rendered by the court will redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed.2d351 (1992). To demonstrate an "injury-in-fact" Plaintiffs must demonstrate "an invasion of a legally protected interest which is (a) concrete and. . . (b) actual or imminent, not conjectural or hypothetical." *Cox v. City of Dallas*, 256 F.3d 281 (5th Cir. 2001) quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

A favorable decision by the Court cannot redress Parvati's alleged injury because it lost the property in foreclosure proceedings that are judicially noticeable by this Court. Because Parvati no longer owns the property and Bethlehem is no longer a Plaintiff, there is no party who could be afforded relief even if declaratory judgment for Parvati was appropriate.

Parvati further lacks standing to bring Counts IX and X because it fails to allege an "injury in fact." Specifically, Parvati fails to identify a "legally protected interest" that has been injured by the allegedly illegal rezoning ordinance. Plaintiff Parvati claims that the City of Oak Forest and named Defendants deprived him of a business license for an extended stay hotel or a senior living facility and requests damages for the City's zoning decisions. However, the Plaintiff has never held a vested, legally protected right to a business license. Even under the pre-amended M-zoning designation, Plaintiff Parvati would need Planning and Zoning Commission approval of plans before a business license

6

for such activities would be granted. Pavarti has no legal right to, or legally protected interest in, such an approval. While Pavarti may have had a legal right, under the former ordinance, to a hearing on the proposed land use, Pavarti has not alleged an injury to this legal right in the Second Amended Complaint.

### C. Plaintiff is Not Entitled by Law to the Relief Requested

When setting forth a claim, plaintiffs must limit their prayer to relief to that which they are entitled under the law and which is supported by the alleged facts. *LaSalle Nat. Bank v. DuPage County*, 77 Ill.App.3d 562, 396 N.E.2d 48, 32 (Ill. 1979) (holding that a judicial declaration invalidating a zoning ordinance amendment does not compel the court to declare specific uses acceptable or unacceptable under pre-existing zoning ordinances). Complaints should be dismissed if the relief requested is beyond that which the Plaintiff is entitled to by law. *Joseph v. Collis*, 272 Ill.App.3d 200, 649 N.E.2d 964 (Ill. App. 1995).

Plaintiff Parvati is not legally entitled to the relief requested in Counts IX and X. Even if the Court declared Ordinance 2836 void under State law, the Plaintiff would only be entitled to the rights under the zoning code as it existed prior to the amendment. *Northern Trust Co. v. City of Chicago*, 4 Ill.2d 432, 123 N.E.2d 330, (Ill. 1954). In this case, the previous M zoning designation permitted "highway oriented commercial/retail uses, as determined by the planning and zoning commission" subject to approval by the Planning and Zoning Commission. Any determination regarding the appropriateness of the proposed "extended stay hotel or senior living facility" is made by the Commission. Without a final decision on the proposed plan, Plaintiff's request for a court declaration approving such a use is unripe and improper.

Therefore, absent Planning and Zoning Commission approval, Plaintiff has no legal right to a license for the proposed use, whether or not the latest zoning amendment is valid. Therefore, Counts IX and X of the Complaint should be dismissed because they requests relief that Plaintiff is not entitled to by law.

WHEREFORE, Defendants, STEVE JONES, ADAM DOTSON, and DANIEL NEWQUIST, respectfully request that this Court grant their motion and dismiss them from the present action.

Respectfully submitted,

By: /s/ Jody Knight
jknight@ancelglink.com

Gregory S. Mathews
Jody Knight
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2008, I electronically filed the foregoing Individually Named Defendants' Motion to Dismiss Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

Patrick J. Ruberry
Litchfield Cavo, LLP
303 West Madison, Suite 300
Chicago, Illinois 60606
ruberry@litchfieldcavo.com

Philip F. Cuevas
Thomas A. Jacobson
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
pcuevas@dowdanddowd.com
tjacobson@dowdanddowd.com

Joanie Rae Wimmer
928 Warren Avenue
Downers Grove, Illinois 60515
jwimmerlaw@sbcglobal.net

                                        /s/ Jody Knight
                                        Jody Knight
                                        jknight@ancelglink.com