3118-125

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETHLEHEM ENTERPRISE, INC., et al., | ) |
| Plaintiffs, | ) Case No: 08 C 702 |
| v. | ) Honorable Amy St. Eve |
| | ) Magistrate Judge Maria Valdez |
| CITY OF OAK FOREST, et al., | ) |
| Defendants. | ) |

**CITY OF OAK FOREST'S MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6), RULE 12(b)(2), AND RULE 12(f)**

NOW COMES the defendant, the City of Oak Forest, by its attorneys, Litchfield Cavo LLP, and pursuant to Rule 12(b)(6) and Rule 12(b)(2) moves this Court for entry of an order dismissing Counts I through X of the Second Amended Complaint. Additionally, the city moves, pursuant to Rule 12(f), to strike certain allegations in the pleading that are irrelevant, impertinent, scandalous, and redundant. In support thereof, the city states as follows:

**I.    INTRODUCTION**

The second amended complaint comprises 10 counts, eight of which (Counts I-VIII) are brought pursuant to federal law, while the remaining two counts (Counts IX-X) are brought pursuant to state law. Counts I-VIII are both legally and factually deficient and should be dismissed pursuant to Rule 12(b)(6). As for Counts IX and X, they should be dismissed inasmuch as this Court does not have subject matter jurisdiction over those claims. Finally, the Second Amended Complaint is rife with allegations that have actually no connection or relation to any claim or party that is before the court.

## II.     LEGAL STANDARD

Rule 12(b)(6) permits motions to dismiss the complaint for failing to state a claim upon which relief may be granted. See FRCP 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Equal Employment Opportunity Commission v. Concentra*, 496 F.3d 773, 778-79 (7th Cir. 2007). Nevertheless, to meet this requirement, a complaint must describe each claim in sufficient detail so as to give defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*. The allegations must also suggest that the plaintiff has a right to relief and, in so doing, raise the possibility above a "speculative level." A plaintiff who is unable to meet this pleading standard has pled himself out of court. *Id*. A mere recitation of labels and conclusions is insufficient, as is a "formulaic recitation of the elements of plaintiff's cause of action." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Additionally, a plaintiff may plead himself out of court by making factual allegations which, if accepted as true, show that his legal rights were not invaded. *American Nurse Association v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986).

Allegations may be stricken pursuant to Rule 12(f) "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot vs. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Similarly, allegations in a complaint may be stricken if they are redundant, impertinent or scandalous." See FRCP 12(f). To prevail, a movant must establish that the allegations in question are prejudicial or unrelated to the controversy. *Talbot*, 961 F.2d at 664. The decision of whether to strike rests within the court's discretion. *Id*. at 665.

The federal court considers a plaintiff's standing under Rule 12(b)(1), and may not grant relief when standing does not exist. *American Federation of Government Employees, Local*

2

*2119 vs. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). In considering a motion brought pursuant to Rule 12(b)(1), this Court must accept as true all well pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. vs. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). However, if a plaintiff's standing is challenged, the burden lies with the plaintiff to go beyond its allegations and prove it has standing. *Retired Chicago Police Association vs. City of Chicago*, 7 F.3d 856, 862 (7th Cir. 1996). Under Rule 12(b)(1), a court will consider all competent evidence when deciding whether it has jurisdiction. *Roman vs. United States Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the District Court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists").

### III.    FACTUAL BACKGROUND

In its Second Amended Complaint, Parvati attempts to allege the following causes of action:

- Count I - Violation of 42 USC Section 1981;
- Count II - Violation of 42 USC Section 1982;
- Count III - Violation of 42 USC Section 1983 - Equal Protection of the Laws (Racial Discrimination).
- Count IV - Violation of 42 USC Section 1983 - Due Process.
- Count V - Violation of 42 USC Section 1983 - Due process.
- Count VI - Violation of 42 USC Section 1983 - Equal Protection (Class of One).
- Count VII - Violation of 42 USC Section 1983 - Equal Protection (Class of One).
- Count VIII - 42 USC section 1983 - Retaliation for Exercise of First Amendment Rights
- Count IX Declaratory Judgment under State Law That Ordinance 2836 is void.
- Count X Claims under Illinois Constitution for Damages for Enactment and Enforcement Avoided Unconstitutional Ordinance.

This lawsuit concerns 3.96 acres of property located in an industrial park within the corporate limits of the City of Oak Forest. Parvati purchased the property in October of 1999,

3

and approximately 8 months later began constructing a hotel. In November of 2003, Parvati advised the city that it wished to convert the hotel to an assisted-living facility (See paragraphs 57-59 of the Second Amended Complaint). The request to convert the hotel to an assisted living facility was, according to Parvati, denied. *Id*. Thereafter, Parvati and Bethlehem Enterprises entered into a series of contracts whereby Bethlehem agreed to purchase the hotel property so that it could be converted into a senior living facility. (See paragraphs 61-72 of the Second Amended Complaint). Parvati claims that the contract with Bethlehem was contingent upon Bethlehem's securing approval from the city to operate a senior living facility. (See paragraphs 61-62). In March of 2005, Bethlehem filed an application with the city in which it sought a text amendment to the zoning ordinance, which would allow it to operate a senior living facility on the subject property. (See paragraph 67). On April 6, 2005, the Oak Forest Zoning Commission held a hearing on Bethlehem's application, and at the conclusion of the hearing voted unanimously to deny the application. (See paragraph 68). Several months later, Bethlehem filed an application with the city in which it requested a commercial business license to operate an extended stay hotel. (See paragraph 82). On November 21, 2005, defendant Steve Jones, the city administrator, denied Bethlehem's application. Parvati and Bethlehem appealed Jones's decision to the city's Zoning Commission. (See paragraph 84). On February 1, 2006, the Zoning Commission conduct a hearing on the appeal and after considering the evidence and testimony unanimously denied Parvati's appeal. (See paragraph 90).

On March 30, 2006, Parvati and Bethlehem filed an eight-count lawsuit in which they attempted to plead several causes of action, including equal protection and due process violations. The complaint also contained an administrative review count, as well as claims brought pursuant to the Fair Housing Act. On July 20, 2007, this court entered an order

dismissing the administrative review count with prejudice. Thereafter, on September 28, 2007, this Court granted plaintiffs' motion to voluntarily dismiss their lawsuit.

The plaintiffs refiled their claims on January 31, 2008. On June 2, 2008 Bethlehem, dismissed its claims with prejudice.

IV. **THE SECOND AMENDED COMPLAINT IS RIDDLED WITH ALLEGATIONS THAT ARE IMPERTINENT, IRRELEVANT, SCANDALOUS AND HAVE NO CONNECTION OR RELATION TO ANY OF THE CLAIMS RAISED ON BEHALF OF PARVATI**

The Second Amended Complaint is 46 pages long and comprises over 180 paragraphs. A significant portion of the "facts" pled have absolutely no relevance or connection to any of the claims Parvati has elected to assert. Precedent teaches that allegations in the complaint may be stricken if they are redundant immaterial, impertinent or scandalous. See FRCP 12(f). Additionally, allegations may be stricken pursuant to Rule 12(f) if the matter bears no possible relation to the controversy or may cause prejudice to the objecting party. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992) Paragraphs 23 through 36 concerned the city's alleged "illegal landscape waste burning activities." According to the plaintiff, this activity took place between July and November of 2000. There is absolutely nothing pled in the complaint which suggests that any of the individual defendants had any involvement in these activities or were even working for the city at that point in time. In paragraph 32, plaintiff sees fit to allege that Michael Feely, a former superintendent of Public Works, pled guilty to filing false tax returns and using his position to "solicit and accept bribes and kickbacks from various city contractors from 1997 through least January of 2002." Parvati does not claim that Mr. Feely was involved in any of the zoning or land-use decisions that are the basis of its lawsuit. Similarly, Parvati does not claim that former mayor Gordon violated its civil rights or otherwise interfered with its attempts to establish a senior living facility on the subject

property. Paragraphs 37-40 concern complaints Parvati made about flooding on the subject property in August of 2001. Parvati does not claim that the city or its employees discriminated against it because it complained about flooding that allegedly occurred in August of 2001. Paragraphs 43-45 allege matters that have no possible relation to any claims Parvati has raised. The "unwarranted city fire inspections" were not performed by any named defendants, and there is nothing in the complaint which suggests that any of the individual defendants directed the city's fire inspector to conduct "approximately 50 unannounced inspections." Likewise, the "staged call to convert the Ramada to a detention facility" has no conceivable connection to any issue or claim raised in this litigation. Accordingly, the city requests that Paragraphs 23-40 and 42-45 be stricken pursuant to Rule 12(f).

### V.     COUNTS I AND II SHOULD BE DISMISSED, AS THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**A.     Counts I and II fail to adequately plead a claim for municipal liability.**

As with claims brought pursuant to Section 1983, claims brought under either Section 1981 or Section 1982 may not be based on respondeat superior. Rather, the plaintiff must show that the municipality's official policy, custom, or practice was discriminatory. *Smith v. Chicago School Reform Board of Trustees*, 165 F.3d 1142 (7th Cir. 1999). The burden lies with a Section 1981 plaintiff to establish the existence of a municipality's discriminatory policy or custom. *Id*. As in Section 1983 cases, the plaintiff seeking to impose liability on a municipality must identify a policy or custom that caused his or her injury. The principles devised for Section 1983 litigation in *Monell* and it's following cases applied suits brought under Sections 1981 and 1982. See *Jett v. Dallas Independent School District*, 491 U.S. 701, 736-37, 109 S.Ct. 2702 (1989).

Under Count I, the plaintiff does not allege facts or conclusions which suggest that any putative violation of Section 1981 is attributable to an official policy or was perpetrated by a final policymaker. Instead, Parvati claims that there "was a persistent and widespread pattern of discrimination against Bethlehem and other blacks and Parvati and other Asian/Pacific Islanders by officials and employees of the city, which was known by the corporate authorities of the city and the other policymaking officials of the city who allowed it to continue." Parvati also claims that this custom and practice includes "the harassment against and differential treatment of Parvati described herein; the difference in treatment by the city between Bethlehem Church and Oak Forest Properties, LLC, a non-black owned company, as set forth in paragraphs 67-69 and 147-150; and the initial denial in or around 2000 of one or more building permits sought by Valley Kingdom Ministries, a black church…." Under the *Monell* widespread practice theory, a plaintiff must establish an unconstitutional pattern of conduct that gives rise to the inference that an unconstitutional custom or practice exists. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). As this court has noted, the typical widespread practice claim "focuses on the application of the alleged unconstitutional policy to different individuals or groups of individuals--not just actions directed at one person or group." See *SMJ Towing, Inc. v. The Village of Midlothian*, 2007 WL 1498992 (N.D.Ill). The 7th Circuit has made it clear that the word "widespread" must be taken seriously. *Phelan v. Cook County*, 463 F.3d 773, 790 (7th Cir. 2006). As a result, the 7th Circuit has declined to find an alleged widespread practice where the plaintiff introduced evidence that on three separate occasions prison guards improperly sprayed inmates with pepper spray. (See *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 7th Cir. 2005). Similarly, the 7th Circuit rejected a plaintiff's attempt to demonstrate a widespread practice where he introduced evidence of two incidents in which prison guards had placed black inmates in

7

"gladiator cellblocks." See *Palmer v. Marion County*, 327 F. 3d 588, 595 (7th Cir. 2003). Here, Parvati has failed to allege a widespread practice of denying minorities the right to make and enforce contracts. Parvati's own experiences and vague references to other minorities who were allegedly subjected to discrimination are not enough to sufficiently allege an unconstitutional practice. *Wyrick v. City of Chicago*, 2001 WL 293082, *2 (N.D. Ill. 2001). While plaintiff claims that the city has discriminated against "Bethlehem, Parvati and other Asian/Pacific Islanders," it neglects to allege that the city has a custom and practice of impeding or interfering with the formation or enforcement of contracts. Parvati is unable to identify any specific instance in which the city has allegedly interfered with or prevented a minority or minority-owned enterprise from enjoying the same contractual rights held by white citizens. Parvati does claim that the city initially denied building permits sought by Valley Kingdom Ministries, a "black church," but concedes that the permits were in fact granted. Similarly, with respect to Count II, Parvati does not allege that the denial of building permits interfered with any ability to hold, sell or convey property held by Valley Kingdom Ministries. (See paragraph 119 of the Second Amended Complaint). Parvati also fails to allege that the city has a widespread custom or practice of denying minorities of the same rights to purchase, sell, hold and convey real estate as are enjoyed by white citizens. It can only claim that a building permit was allegedly denied to Valley Kingdom Ministries. It can cite no other instance of the city allegedly denying minorities' rights protected under Section 1982. This one instance of alleged discrimination will not sustain Parvati's municipal liability claims. Accordingly, Counts I and II should be dismissed.

## VI. PARVATI'S EQUAL PROTECTION CLAIMS (COUNTS III , VI AND VII ) ARE LEGALLY AND FACTUALLY DEFICIENT

### A. Count III fails to state a claim for municipal liability.

Under Count III, the plaintiff claims that the city and the individual defendants "invidiously discriminated against Bethlehem and Parvati based on and because of race in violation of the equal protection clause of the 14th Amendment to the United States Constitution…." Preliminarily, this count should be dismissed because the plaintiff has failed to allege facts or conclusions which, if proven, show that the city has a custom and practice of discriminating against African-Americans and South Asians in connection with the issuance of business licenses. In paragraph 19 of the complaint, Parvati claims there was "a persistent widespread pattern of discrimination against Bethlehem and other blacks and Parvati and other Asian/Pacific Islanders." Besides Parvati and Bethlehem, the plaintiff is unable to identify any individuals or entities who were denied business licenses because of their minority status. As was shown above, the one alleged example the plaintiff does cite, Valley King Ministries, underscores Parvati's inability to establish a viable *Monell* claim.

Dismissal of Count III is also appropriate, inasmuch as the plaintiff does not allege the prima facie elements of the equal protection discrimination claim. Precedent teaches that the essential elements of an equal protection claim are (1) membership in a protected class, (2) that is otherwise similarly situated to those not in the class, but (3) is treated differently on the basis of membership of that class. *New Burnham Prairie Homes v. Village of New Burnham*, 910 F.2d 1474, 1481-82 (7th Cir. 1990). Precedent also teaches that Section 1983 creates a cause of action based on personal liability and liability will not attach unless the individual defendant caused or participated in the alleged constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 91 (7th Cir. 1996). Thus, to hold an individual liable under Section 1983, the defendant must have

participated directly in the alleged constitutional violation. *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2002). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must include in his complaint allegations that the individual defendants were involved in the constitutional deprivation. *Harrison v. City of Chicago*, 2005 WL 3542576, *3 (N.D.Ill. 2005). Here, Count III fails to state a claim, inasmuch as it does not allege that the individual defendants were involved in the constitutional deprivation. While Parvati claims that the individual defendants discriminated against it and Bethlehem, it fails to allege facts which indicate that the individual defendants gave more favorable treatment to individuals or entities who are not members of a protected class. Instead, Parvati claims that the Zoning Commission, not the individual defendants, gave favorable treatment to Oak Forest Properties, LLC (See paragraphs 150-154 of the Second Amended Complaint). Since Parvati admits that the individual defendants did not provide more favorable treatment to an individual or entity that does not belong to a protected class, it is unable to show that the individual defendants were involved in the alleged constitutional deprivation. In view of Parvati's failure to allege that the individual defendants afforded more preferential or more favorable treatment to members of a non-protected class, Count III should be dismissed. See *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) (A municipality cannot be found liable if there's no finding that the individual defendant is liable on the underlying claim).

### B. Counts VI and VII fail to state a claim for municipal liability.

Counts VI and VII are styled "Equal Protection, Class of One." Like Count III, these counts should be dismissed because they do not allege or remotely suggest that the individually named defendants participated in the alleged constitutional violation. At no point does Parvati allege that the individual defendants provided preferential treatment to individuals or entities that do not belong to a protected class. (See paragraphs 148-155 of the Second Amended

Complaint.) Rather, the plaintiff claims that the Zoning Commission and certain unidentified officials gave the more favoable treatment to Mr. Clifton.[1] Since Parvati does not claim that the individual defendants participated in the alleged violation, Counts VI and VII are both legally and factually deficient and should be dismissed pursuant to Rule 12(b)(6).

Dismissal is also appropriate, inasmuch as Parvati has pled itself out of court. In order to state a cause of action under Section 1983, alleging a denial of equal protection under a "class of one" theory, a plaintiff must allege (1) he was intentionally treated differently from those similarly situated, and (2) there is no rational basis for the difference in treatment or such treatment was motivated by "totally illegitimate animus." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Dismissal of a class-of-one equal protection claim is proper where the plaintiff fails to allege that he was treated differently from similarly situated individuals who were prima facie identical in all relevant respects to the plaintiff. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Parvati claims that an individual named Mark Clifton was similarly situated and received more favorable treatment. However, Parvati alleges that the Zoning Commission allowed Oak Forest Properties, LLC to establish "a retail shopping center on the real property purportedly zoned M-2 Heavy Industrial Zoning District." (See paragraphs 150, 159, 160-164 of the Second Amended Complaint.) Since Oak Forest Properties, LLC did not seek a business license to establish "an extended stay hotel," it is not prima facie identical in all relevant respects to Parvati. Accordingly, Counts VI and VII should be dismissed.

Counts VI and VII should also be dismissed by virtue of Pavati's failure to allege that the alleged constitutional violation is attributable to an official policy or widespread practice. Nor does Parvati allege that a final policymaker violated its right to equal protection under the laws.

---

[1] Interestingly, the plaintiff does not claim that Mr. Clifton is a member of an unprotected class.

Parvati's situation and experiences, standing alone, are not enough to sufficiently allege an unconstitutional practice. See *Wyrick v. City of Chicago*, 2001 WL 293082,*2 (N.D.Ill. 2001). By the same token, Parvati's vague references to other South Asians and African-Americans who were subjected to similar treatment does not establish a pattern which would show a policy or custom. See *Figueroa v. City of Chicago*, 1999 WL 163022, *6 (N.D.Ill., March 12, 1999).

### VII. COUNTS IV AND V SHOULD BE DISMISSED NOT ONLY BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, BUT ALSO BECAUSE PARVATI LACKS STANDING

**A. Since Parvati no longer owns the subject property, it lacks standing to challenge Ordinance 2836.**

Under Counts IV and V, Parvati challenges the constitutionality of Ordinance 2836 claiming that it is "not only void and meaningless, but unconstitutionally vague in violation of the due process clause of the 14th Amendment." (See Paragraphs 133-136). Counts IV and V should be dismissed, inasmuch as Parvati lacks standing to maintain these claims. Standing has been defined by the Supreme Court to include three elements. First, the plaintiff must suffer from an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, the plaintiff must demonstrate causation between defendant's actions and the injury complained of. *Id*. Finally, the injury must be redressable by a favorable court decision. *Id*. at 561. The doctrine of standing insures a litigant is the proper party to bring the matter before a federal court for adjudication by asking if a specific litigant has a sufficient stake in the matter to invoke the federal judicial process. *In re African American Slave Descendents Litigation*, 375 F.Supp. 2d 721, 744-45 (N.D.Ill. 2005). The party seeking to invoke federal jurisdiction has the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561. Here, it is obvious that Parvati does not have a sufficient stake in this matter to invoke federal judicial process. On March 18, 2008, Parvati conveyed its interest in the subject property to Mutual Bank, a lender which holds

a mortgage on the property. Parvati agreed to deed its interest in the property to Mutual Bank so as to avoid foreclosure and a possible deficiency judgment. (See Exhibit A, attached hereto). Since Parvati no longer owns the subject property, any injury it claims to have sustained as a result of the enactment of Ordinance 2836 is not redressable by a favorable decision. Accordingly, Counts IV and V should be dismissed pursuant to Rule 12 (1).

      **B.**      **Counts IV and V are legally and factually deficient.**

A zoning ordinance may be held void for vagueness if "men of common intelligence must necessarily guess at its meaning." *Penny Saver Publications v. Village of Hazelcrest*, 905 F.2d 150, 155 (7th Cir. 1990). When challenged on vagueness grounds, economic regulatory laws and ordinances are subject to less stringent standards than are laws regulating fundamental, especially First Amendment, rights. *Chicago Board of Realtors, Inc. v. City of Chicago*, 819 F.2d 732, 739 (7th Cir. 1987). Furthermore, they are subject to less scrutiny and laws imposing criminal penalties. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982). Here, the challenged ordinance amounts to pure business regulation and no criminal penalties are imposed. While Parvati claims that Ordinance 2836 was or is "unconstitutionally vague," it utterly fails to allege facts or conclusions which, if accepted as true, would indicate or suggest that the ordinance is so vague that "men of common intelligence must necessarily guess at its meaning." Instead, Parvati maintains that individual defendants gave testimony indicating that the subject property had been zoned M-2 Heavy Industrial, even though "there was actually no basis to conclude that the subject property had been zoned M-2." (See paragraphs 110-114). Dismissal of Counts IV and V is also proper as Parvati fails to identify the specific language in the ordinance which it claims is unconstitutionally vague. Parvati's characterization of the ordinance as "unconstitutionally vague" constitutes nothing

more than the recitation of mere labels and conclusions. As a result, Counts IV and V should be dismissed pursuant to Rule 12(b)(6).

## VIII. COUNT VIII FAILS TO ADEQUATELY PLEAD A CLAIM FOR MUNICIPAL LIABILITY

In Count VIII, the plaintiff attempts to plead a First Amendment retaliation claim against the individual defendants and also claims that there was "a persistent and widespread pattern of vindictive retaliation against Parvati by officials and employees of the city, which was known by the corporate authorities of the city and other policymaking officials of the city to allow it to continue." At no point in its lengthy pleading does the plaintiff allege that the city has a custom and practice of retaliating against individuals who engage in First Amendment activity. Likewise, Parvati does not claim that retaliation allegedly suffered is attributable to an official policy or was perpetrated by an individual who has "final policymaking authority." Rather, Parvati can only allege that the city retaliated against it because it assisted Jon Lockridge "in the exercise of his First Amendment rights relating to the posting of a billboard on the subject property" and because of "Parvati's conduct in protesting its unequal treatment by the city as set forth in paragraphs 37-40." As was demonstrated above, Parvati's own situation and experiences, standing alone, will not sustain a *Monell* claim. Consequently, Count VIII should be dismissed.

## IX. PARVATI DOES NOT HAVE STANDING TO ASSERT THE CLAIMS SET FORTH UNDER COUNTS IX AND X

As the city established above, the plaintiff does not own subject property, but instead conveyed it to the mortgage holder in lieu of foreclosure. (See Exhibit A, attached hereto). Even if this court were to find that Ordinance 2836 is invalid, any injury Parvati claims to have suffered would not be redressable by a favorable court decision. Since Parvati no longer owns the property, it would hardly benefit were this court to find that Chapter 17.36 determines which

uses are permitted in the "Limited Manufacturing District." Since Parvati no longer owns property in the industrial park, it lacks standing to challenge the constitutionality of Ordinance 2836.

X. **COUNT X FAILS TO ADEQUATELY PLEAD A VIOLATION OF THE ILLINOIS CONSTITUTION**

In Count X, the plaintiff alleges that "the denial of a business license to Bethlehem, based on a purported ordinance that was invalid and unconstitutional, caused Parvati to suffer significant harm and damages." While Rule 8 allows notice pleading, and requires a short plain statement of the claim showing that the pleader is entitled to relief, both the defendants in this Court are left to guess as to which specific constitutional provision or provisions were allegedly violated. As explained in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964, Parvati is obligated to provide the grounds of its entitlement to relief and, toward that end, must do more than offer "labels and conclusions." By failing to identify the specific constitutional violation, Parvati fails to provide grounds on which it claims to be entitled to relief. In view of this obvious failure, Count X should be dismissed pursuant to Rule 12(b)(6).

### Conclusion

For the reasons stated above, the defendant, the City of Oak Forest, requests that Counts I-X be dismissed and that paragraphs 23-40 and 42-45 be stricken.

LITCHFIELD CAVO, LLP.

Patrick J. Ruberry, Esq. (06188844)　　　　By:　/s/ Patrick J. Ruberry
LITCHFIELD CAVO, LLP　　　　　　　　　　　　Attorneys for the defendant,
303 West Madison Street, Suite 300　　　　　　City of Oak Forest
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

## CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served City of Oak Forest's Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(2), and Rule 12(f) by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 12th day of September, 2008.

|  |  |
|---|---|
| Patrick J. Ruberry, Esq. (06188844)<br>LITCHFIELD CAVO, LLP<br>303 West Madison Street , Suite 300<br>Chicago, IL 60606-3300<br>(312) 781-6677<br>(312) 781-6630 fax | /s/ Patrick J. Ruberry<br>Attorneys for the defendant,<br>City of Oak Forest |