# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 702 | **DATE** | 7/19/2010 |
| **CASE TITLE** | Parvati Corp vs. City of Oak Forest et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' first and second motions to compel [179][181] in their entirety.

■[ For further details see text below.]　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

On December 14, 2009, Plaintiff Parvati Corporation ("Parvati") filed its five-count Fourth Amended Complaint against Defendants the City of Oak Lawn ("the City"), Adam Dotson, Steve Jones, and David Newquist alleging race discrimination in preventing the sale of Parvati's hotel to Bethlehem Enterprise, Inc. ("Bethlehem") for use as a senior living facility/extended stay hotel for the predominantly African-American members of Bethlehem church. *See* 42 U.S.C. §§ 1981, 1982. Parvati also alleges an equal protection claim based on race, as well as a due process claim and a First Amendment retaliation claim. *See* 42 U.S.C. § 1983. Before the Court are Parvati's first and second motions to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). For the following reasons, the Court, in its discretion, grants Parvati's motions in their entirety.[1] Defendants must produce the requested documents by no later than August 1, 2010. In addition, the Court grants Defendants leave to file a supplemental brief concerning Supplemental Document Request No. 24 on or before August 1, 2010, as discussed in detail below.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Parvati withdraws its portion of the second motion to compel pertaining to Supplemental Document Requests Nos. 5 and 6, in which it sought data pertaining to certain Hotel Accommodation Tax and Remittance Forms.

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008); *Reynolds v. Jamison,* 488 F.3d 756, 761 (7th Cir. 2007).

## BACKGROUND

In its Fourth Amended Complaint, Parvati alleges that the City amended its zoning laws by enacting Ordinance No. 2836 in order to thwart Parvati's sale of the property in question to Bethlehem. Parvati further alleges that Ordinance No. 2836 attempted to change what had previously been a single manufacturing district into two different districts, M-1 and M-2, and to change the uses which were permitted in the original single manufacturing district. Parvati maintains that the City rushed through the hearing on the proposed ordinance and failed to publish notice of the proposed hearing 15 days prior to the hearing in violation of the Illinois Municipal Code, 65 ILCS 5/11-13-14. Parvati further alleges that the City deviated from the law by enacting the ordinance because it failed to designate which portions of the manufacturing district were to be M-1 and which were to be M-2 and then lied about its failure to designate the two different districts at the February 2006 hearing of Bethlehem's appeal from the denial of its business license before the Planning and Zoning Commission. In March 2006, the City passed a resolution adopting an updated zoning map to show the entire manufacturing district as M-2.

## ANALYSIS

**I.     Interrogatory No. 2**

In its first motion to compel, Parvati moves to compel Defendants to answer Interrogatory No. 2 of Plaintiff's First Supplemental Interrogatories To Defendants, which states:

> Interrogatory No. 2:   State whether the City ever delineated which portions of the Limited Manufacturing District under the law in effect prior to the purported enactment of Ordinance No. 2836 were to be M-1 under the provisions of Ordinance 2836 and which were to be M-2 under the provisions of Ordinance 2836[.] If so, for each such delineation, state:
>
> (a) The date when the delineation was made;
>
> (b) The full name and last known address of each individual who was involved to any extent in the delineation;
>
> (c) Whether the delineation was by ordinance, resolution, or some other form of declaration of municipal

policy;

(d) Whether there was any notice by publication or otherwise of the proposed delineation prior to its approval; and

(e) If there was any notice by publication or otherwise of the proposed delineation prior to its approval, the date of each publication, and the name of the periodical which published the notice.

The City responded to Interrogatory No. 2 by stating:

Defendant objects to Interrogatory 2 as vague, ambiguous and overly broad. Notwithstanding said objection, everything became zoned M-2 in approximately 2004 and in 2006 the zoning map was changed. See publication documents attached to defendant's production request.

Parvati argues that the City's response is inadequate because the interrogatory is not vague or overly broad, but clearly seeks highly relevant information on an issue of fact, namely, the specific date or dates that the City made the zoning delineation, the name and addresses of the individuals involved in the delineation, along with other pertinent facts concerning the zoning change. The Court agrees. The City's vague response that it has already produced this information – perhaps in the parties' earlier lawsuit – does not clarify the situation. Because the City has not specifically addressed when and how it provided this information, the Court grants Parvati's motion to compel a detailed answer to Interrogatory No. 2. That being said, if the City has previously produced this information, it must identify this information by bates numbers.

**II.     Supplemental Document Request No. 2**

Parvati also seeks to compel Defendants to produce documents in response to Supplemental Document Request No. 2, which states:

Any and all ordinances, resolutions, or other declarations of municipal policy which delineated which portions of the Limited Manufacturing District under the law in effect prior to the purported enactment of Ordinance No. 2836 to be M-1 under the provisions of Ordinance 2836 and which were to be M-2 under the provisions of Ordinance 2836.

The City's response to this document request states: "See Oak Forest Zoning Map and related documents bates numbered 8D-008800 through 8D-01116." Parvati maintains that none of these documents were an ordinance designating any property as either M-1 or M-2 and that the City did not produce the zoning map.

The City argues that it has already produced this information – either in the earlier lawsuit or on a CD containing nearly 3,000 documents. It is not entirely clear, however, whether this CD is searchable. In any event, without a better explanation, the City must turn over these documents and clearly label them. Meanwhile, although Parvati's counsel obtained its own zoning map, it is unclear whether this is the zoning map to which Defendants refer. As such, the Court grants Parvati's motion to compel documents that are responsive Document Request No. 2.

**III.    Supplemental Document Request Nos. 16 and 17**

In Request Nos. 16 and 17 of Plaintiff's Supplemental Request To Defendants For Production Of Documents, Parvati sought "any and all applications, petitions, or requests submitted to the City by or on behalf of A. A. Talabi or Christ Healing Evangelical Church (USA) Inc. in and around 2000," as well as the following:

> Any and all communications, including, but not limited to emails, hearing transcripts, recordings of hearings, memoranda, maps, plats, surveys, ordinances, resolutions, approvals, submittals, records, and other documents relating to any and all applications, petitions, or requests submitted to the City by or on behalf of A. A. Talabi or Christ Healing Evangelical Church (USA) Inc. in and around 2000.

In response, Defendants answered "None known" to both requests. In addition, in response to Parvati's motion to compel, Defendants maintain that they do not have any such documents. The record reveals, however, that in an April 19, 2000 Planning and Zoning Commission meeting, the Commission addressed a request by the Christ Healing Evangelical Church and that there was a related municipal ordinance, namely, Ordinance 2458 "ReZone, Christ Healing Evangelical Church." As such, evidence in the record suggests that there are responsive documents. The Court therefore grants Parvati's motion to compel any and all documents relating to Supplemental Document Request Nos. 16 and 17. If there are no such responsive documents, the City must provided a sworn certification that these documents do not exist.

### IV.     Supplemental Document Request Nos. 20 and 21

Next, in Document Request No. 20 of Plaintiff's Supplemental Request to Defendants for Production of Documents, Parvati sought: "Any and all applications, petitions, or requests submitted to the City by or on behalf of Ebenzer Pentecostal Church of God in and around 2000." In response, the City stated: "None known." In Supplemental Document Request No. 21, Parvati sought:

> Any and all communications, including, but not limited to emails, hearing transcripts, recordings of hearings, memoranda, maps, plats, surveys, ordinances, resolutions, approvals, submittals, records, and other documents relating to any and all applications, petitions, or requests submitted to the City by or on behalf of Ebenezer Pentecostal Church of God in and around 2000.

In response to this document request, Defendants stated: "See Agenda and transcript from April 19, 2000 Planning and Zoning Commission meeting, bates numbers 8D-01893 through 8D-01933.

Again, the record reflects that a municipal zoning ordinance, namely, Ordinance 2459, references to the Ebenezer Pentecostal Church and that the ordinance failed on May 11, 2000. Accordingly, Defendants must produce more than just the transcript of the April 19, 2000 meeting discussing this ordinance, including any minutes of the City Council meeting on May 11, 2000 when the council considered the ordinance. Thus, the Court grants Parvati's motion to compel documents in response to Supplemental Document Request Nos. 20 and 21. If there are no such responsive documents, the City must provided a sworn certification that no such documents exist.

### V.     Supplemental Document Request No. 24

In Request No. 24 of Plaintiff's Supplemental Request To Defendants, Parvati sought "[a]ny and all minutes of executive sessions of the City Council of the City of Oak Forest held on the following dates: (1) January 24, 2006, (2) March 28, 2006, (3) April 24, 2006, (4) April 25, 2006, (5) March 14, 2006, (6) December 12, 2006, (7) August 18, 2007, and (8) February 26, 2008." In response, Defendants stated:

> Defendants object to Request 24 as vague and ambiguous as no subject matter is defined, and Defendants will not produce executive session minutes based on such a vague request. Defendants also object to Request 24 as it asks for executive session minutes that are covered by [the] executive session privilege. Plaintiff may only see executive session minutes that are discoverable

in the current litigation. Defendants further object to Request 24 to the extent that it seeks disclosure of attorney/client communications.

In addition, the City argues in its response brief that the deliberative process privilege also applies.

Parvati first argues that the request is not vague or ambiguous because the request clearly describes the documents Parvati seeks. The Court agrees. Further, Parvati maintains that the City has failed in its burden of establishing the executive session privilege, the deliberative process privilege, and/or the attorney client privilege apply to the minutes of the City Council's executive sessions. Again, the Court agrees.

Pursuant to Federal Rule of Evidence 501, federal common law governs privileges asserted in federal question lawsuits. *See Northwestern Mem. Hosp. v. Ashcroft,* 362 F.3d 923, 926 (7th Cir. 2004). "Federal common law recognizes the attorney-client privilege." *Kodish*, 235 F.R.D. at 452; *see also United States v. BDO Seidman, LLP,* 492 F.3d 806, 814-85 (7th Cir. 2007). "[I]n order for the attorney-client privilege to attach, the communication in question must be made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." *BDO Seidman,* 492 F.3d at 815. Moreover, "[t]he mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman, LLP,* 337 F.3d 802, 811 (7th Cir. 2003).

In response to Parvati's motion to compel, the City highlights its burden, but fails to adequately explain how the attorney-client privilege attaches to each of the requested minutes. The City's argument that Parvati fails to argue why the attorney-client privilege is inapplicable to certain sessions does not save the day because it is the City's burden to establish all essential elements of this privilege. *See BDO Seidman,* 337 F.3d at 811; *Kodish,* 235 F.R.D. at 452. Because the City has failed in its burden of establishing that the attorney-client privilege applies to the session minutes, this privilege does not shield the City from producing these documents at this juncture.

The City further argues that the deliberative process privilege – which federal common law recognizes – also applies under the circumstances. *See Department of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed. 87 (2001) ("deliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated'") (citation omitted). To establish that the deliberative process privilege attaches to certain documents, the City must set forth an affidavit establishing a prima facie case of this privilege. *See Evans v. City of Chicago,* 231 F.R.D. 302, 318 (N.D. Ill. 2005). A prima facie case of the deliberative process privilege includes:

> (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents.

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.,* 239 F.R.D. 508, 515 (N.D. Ill. 2006); *see also Ferrell v. United States Dep't Hous. & Urban Dev.,* 177 F.R.D. 425, 428 (N.D. Ill. 1998).

Here, the City has failed to fulfill its burden under this standard because it has not provided an affidavit nor has it established the prima facie requirements. Again, the City's argument that Parvati failed in establishing that the privilege does not apply is misplaced because it is the City's burden to establish that the deliberative process privilege applies under the circumstances. *See Becker v. IRS,* 34 F.3d 398, 403 (7th Cir. 1994).

The Court, therefore grants Parvati's motion to compel the executive session minutes. If the City wishes to claim the attorney-client or deliberative process privilege, it must submit a legal memorandum to the Court – by no later than August 1, 2010 – explaining how it has specifically fulfill its burden in establishing that these privileges attach to the requested documents. The Court rejects Parvati's argument that the City has waived the deliberative process privilege by failing to indicate it on its privilege log because the City may amend its privilege log and produce it to Parvati in tandem with its supplemental memorandum to the Court.

Finally, in response to Parvati's document request, the City asserted that the "executive session privilege" applies under the circumstances. The City, however, does not support this argument in response to Parvati's motion to compel, most likely because federal common law does not recognize the executive session privilege based on the Illinois Open Meetings Act, 5 ILCS 120/1. *See Kodish,* 235 F.R.D. at 451-52.

## VI.  Supplemental Document Request No. 25

In Supplemental Request No. 25, Parvati sought the City's budget for 2005. In response, Defendants answered: "See 2005 City of Oak Forest Annual Financial Report, bates numbers 8D-01934 through 8D-02054." Here, Parvati explains that the annual financial report was not the document it was seeking. Instead, Parvati clearly asked for the City's 2005 budget which relates and is relevant to allegations in its Fourth Amended Complaint about the City's expenditures. Because the City's 2005 budget is relevant under the broad discovery standard and Defendants have failed in their burden of establishing that this discovery request is improper, *see Kodish,* 235 F.R.D. at 450, the Court grants Parvati's motion to compel documents in response to Supplemental Request No. 25.

## VII. Supplemental Document Request No. 26

Finally, in Request No. 26 of Plaintiff's Supplemental Request To Defendants For Production Of Documents, Parvati sought:

> Any and all communications from 2008, including, but not limited to, emails, from any employee or agent of Scottsdale Insurance Company to any officer, agent, or employee of the City relating to any and all decisions on the part of Scottsdale Insurance Company to cease insuring the City and/or its officers, employees, or agents from certain types of claims, and any and all responses thereto by the City and/or one or more of its officers, employees, and agents.

Defendants responded as follows: "Defendants object to Request 26 as requesting privileged communications." Defendants, however, did not specify what privilege immunized the requested documents from disclosure nor did they include any of the documents requested in Paragraph 26 on their privilege log.

Meanwhile, in response to Parvati's motion to compel, Defendants object based on relevancy. Defendants' argument is misplaced because based on the expansive concept of relevancy under the federal discovery rules, this information goes to Parvati's allegations that there was a widespread pattern of race discrimination. *See Hodgdon v. Northwestern Univ.,* 245 F.R.D. 337, 341 (N.D. Ill. 2007) ("As expansive as is the definition of relevance under Rule 401 of the Federal Rules of Evidence, the standard under Rule 26 is even broader") (internal citations omitted). More specifically, why Scottsdale Insurance ceased covering the City appears to be reasonably calculated to lead to the discovery of admissible evidence of other claimed acts of racial discrimination against the City. *See* Fed.R.Civ.P. 26(b)(1). As such, the Court grants Parvati's motion to compel documents in response to Supplemental Document Request No. 26. If any of these documents are privileged, Defendants must provide a privilege log explaining the exact privilege that applies. *See* Fed.R.Civ.P. 26(b)(5).