# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 702 | **DATE** | 8/23/2010 |
| **CASE TITLE** | Parvati Corp vs. City of Oak Forest et al. | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants Plaintiff's motion to compel [187]. Defendants must produce the requested documents, affidavits of completeness, and/or appropriate privilege logs by no later than 9/1/10. The Court denies Plaintiff's request for fees.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On December 14, 2009, Plaintiff Parvati Corporation ("Parvati") filed a five-count Fourth Amended Complaint against Defendants the City of Oak Lawn ("the City"), Adam Dotson, Steve Jones, and David Newquist alleging race discrimination in preventing the sale of Parvati's hotel to Bethlehem Enterprise, Inc. ("Bethlehem") for use as a senior living facility/extended stay hotel for the predominantly African-American members of Bethlehem church. *See* 42 U.S.C. §§ 1981, 1982. Also, Parvati alleges an equal protection claim based on race, as well as a due process claim and a First Amendment retaliation claim. *See* 42 U.S.C. § 1983. Before the Court is Parvati's third motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). For the following reasons, the Court, in its discretion, grants Plaintiff's motion to compel. Defendants must produce the requested documents, affidavits of completeness, and/or appropriate privilege logs by no later than September 1, 2010. The Court denies Plaintiff's request for fees.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Meanwhile, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008); *Reynolds v. Jamison,* 488 F.3d 756, 761 (7th Cir. 2007).

## BACKGROUND

In its Fourth Amended Complaint, Parvati alleges that the City amended its zoning laws by enacting Ordinance No. 2836 in order to thwart Parvati's sale of the property in question to Bethlehem. Parvati further alleges that Ordinance No. 2836 attempted to change what had previously been a single manufacturing district into two different districts, M-1 and M-2, and to change the uses which were permitted in the original single manufacturing district. Parvati maintains that the City rushed through the hearing on the proposed ordinance and failed to publish notice of the proposed hearing 15 days prior to the hearing in violation of the Illinois Municipal Code, 65 ILCS 5/11-13-14. Parvati further alleges that the City deviated from the law by enacting the ordinance because it failed to designate which portions of the manufacturing district were to be M-1 and which were to be M-2 and then lied about its failure to designate the two different districts at the February 2006 hearing of Bethlehem's appeal from the denial of its business license before the City's Planning and Zoning Commission. In March 2006, the City passed a resolution adopting an updated zoning map to show the entire manufacturing district as M-2.

## ANALYSIS

### I. Document Request No. 8

First, Parvati moves to compel Defendants to produce documents in response to Plaintiff's request for the production of documents No. 8, which states:

> Any and all documents, tangible things, and electronically stored information from 2003 to the present relating to the case of *Lockridge v. City of Oak Forest*, United States District Court Case No. 03 C 8325.

In response to this request, Defendants produced some documents, including a proposed settlement agreement (Bates Nos. 666-68), and a final signed settlement agreement (Bates Nos. 679-81). The City, however, failed to provide any correspondence or emails as requested. In response to the present motion to compel, the City contends that it does not possess any such materials. If this is the case, the City is required to provide an affidavit averring that it has no such materials. Otherwise, the Court grants Plaintiff's motion to compel all documents in Defendants' possession, custody, and control relating to the lawsuit in *Lockridge v. City of Oak Forest*.

### II. Document Request No. 12

In Document Request No. 12, Plaintiff seeks "[a]ny and all documents, tangible things, and electronically stored information relating to the proposal, consideration of, and/or purported enactment of what was ultimately purportedly enacted as Ordinance No. 2836." Defendants objected to this request as "vague, ambiguous, and overbroad." In response to Plaintiff's motion to compel, Defendants assert that they have already produced all of the materials they possess concerning the enactment of Ordinance 2386. If this is the case, Defendants must provide Plaintiff with an affidavit of completeness.

In addition, Defendants must provide Plaintiff with the bates numbers for the documents that they have already produced. Otherwise, the Court grants Plaintiff's motion to compel all documents in Defendants' possession, custody, and control relating to Document Request No. 12.

## III. Document Request No. 14

In Document Request No. 14, Plaintiff seeks "[a]ny and all documents, tangible things, and electronically stored information relating to any and all notices of hearing relating to what was ultimately purportedly enacted as Ordinance No. 2836, including, but not limited to, correspondence with any and all newspapers, invoices for publication, and payments for publication." Defendants did not object to this request, but did not produce any documents in response to this request because they did not have any such documents in their possession, custody, or control. In response to the present motion to compel, Defendants argue that Plaintiff has never requested an affidavit of completeness. Accordingly, if Defendants do not have any responsive documents, they must provide an affidavit of completeness. Otherwise, Defendants must produce the documents in response to Document Request No. 14.

## IV. Document Request No. 15

Next, in Document Request No. 15 Plaintiff seeks "[a]ny and all documents, tangible things, and electronically stored information, including, but not limited to, emails, correspondence, memoranda, reports, investigations, studies, data compilations, and surveys relating to the proposed amendment to the City of Oak Forest Zoning Ordinance mentioned in the Legal Notice, a copy of which is attached hereto as Exhibit B, or relating to Ordinance No. 2836." In response, Defendants argue that they have affirmatively stated to Plaintiff that they do not possess any such documents and offer to submit an affidavit of completeness to Plaintiff. The Court directs Defendants to submit this affidavit by no later than September 1, 2010.

## V. Document Request No. 16

In Document Request No. 16, Plaintiff seeks "[a]ny and all bills, statements for professional services, and other requests for payment from any and all attorneys acting on behalf of the City of Oak Forest and submitted to the City of Oak Forest for services performed in 2004 relating to the proposed amendment to the City of Oak Forest Zoning Ordinance mentioned in the Legal Notice, a copy of which is attached hereto as Exhibit B, or relating to Ordinance No. 2836." Defendants argue that any such documents are privileged and Plaintiff argues that Defendants' privilege log fails to reference these materials. Defendants have offered to prepare and submit an amended privilege log which specifically lists these items. Defendants' amended privilege log must be turned over to Plaintiffs by September 1, 2010.

## VI. Document Request No. 17

In Document Request No. 17, Plaintiff seeks "[a]ny and all petitions of the City of Oak Forest Community Development Department relating to the proposed amendment to the City of Oak Forest Zoning Ordinance mentioned in the Legal Notice, a copy of which is attached hereto as Exhibit B, or relating to Ordinance No. 2836." Defendants argue that any such "petition" is the proposed ordinance itself that Plaintiff already possesses. Plaintiff counters that it only possesses the final ordinance. As such, Defendant must produce the proposed ordinance or any proposed amendments to the ordinance on or before September 1, 2010. If no such documents exist, Defendants must provide Plaintiff with an affidavit averring such.

## VII. Document Requests Nos. 21 and 22

Next, in Document Request No. 21, Plaintiff seeks "[a]ny and all minutes and agenda relating to any and all meetings of the City of Oak Forest Economic Development Commission between June 2003 and February 2004, inclusive." In addition, in Request No. 22, Plaintiff seeks "[a]ny and all recordings and/or stenographic transcripts of any and all meetings of the City of Oak Forest Economic Development Commission between June 2003 and February 2004, inclusive."

In response to Plaintiff's motion to compel, Defendants assert that the City has made clear that it does not possess these materials, and thus Plaintiff's motion should be denied. Again, if this is the case, Defendants must provide Plaintiff with an affidavit of completeness stating that it does not possess these materials. If not, Defendants must produce responsive documents to Plaintiff by no later than September 1, 2010.

## VIII. Document Requests Nos. 24 and 25

In Document Request No. 24, Plaintiff seeks "[a]ny and all recordings and/or stenographic transcripts of any and all meetings of the City of Oak Forest Economic Development Commission between June 2003 and February 2004, inclusive." Also, in Document Request No. 25, Plaintiff seeks "[a]ny and all emails, correspondence, and other communications generated in 2006 between the City of Oak Forest and/or any agent thereof, on the one hand, and Baxter and Woodman and/or any agent thereof, on the other hand, relating to the updating or amendment by the City of Oak Forest of its zoning map."

In response, Defendants offer to conduct another search for these documents and submit the appropriate affidavit. The Court directs Defendants to produce these documents and/or an affidavit by no later than September 1, 2010.

## IX. Document Request No. 28

In Request No. 28, Plaintiff seeks "Any and all solicitations, invitations, and/or requests sent by the City of Oak Forest in 2007 to any and all developers relating to a potential senior oriented development on a parcel of property of approximately 30 acres north of 151st Street and west of Menard Avenue which was once part of the Our Lady of Sorrows Convent." Plaintiff maintains that Defendants did not respond to this document request, but merely answered "None known." Evidence in the record reveals that such documents may exist. Defendants have offered to conduct another search for these documents and produce them accordingly. The Court therefore grants Plaintiff's motion to compel documents responsive to Document Request No. 28.

## X. Document Request No. 29

Finally, in Request No. 29, the Plaintiff sought "[a]ny and all studies, surveys, reports, memoranda, and/or other data compilations relating to a potential senior oriented development on a parcel of property of approximately 30 acres north of 151st Street and west of Menard Avenue which was once part of the Our Lady of Sorrows Convent." Plaintiff contends that the City did not object to this request, but instead produced three pages of documents that do not relate to the parcel of property at issue. Meanwhile, there is evidence in the record that such documents may exist, therefore, the Court grants Plaintiff's motion to compel documents responsive to Document Request No. 29.