# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 702 | **DATE** | 10/18/2010 |
| **CASE TITLE** | Parvati Corp vs. City of Oak Forest et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part Defendants' motion to quash [219] with respect to deposing a Federal Rule of Civil Procedure 30(b)(6) deponent representing Ancel Glink. The Court, however, directs Defendants to file a reply brief providing the necessary information required to assert the attorney-client, common interest, or work product privileges with respect to the documents requested. Finally, Defendants must also address Plaintiff's argument concerning the crime-fraud exception as it relates to the documents requested. Defendants' reply brief is due on or before 10/25/10.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On December 14, 2009, Plaintiff Parvati Corporation ("Parvati") filed its five-count Fourth Amended Complaint against Defendants the City of Oak Lawn ("the City"), Adam Dotson, Steve Jones, and David Newquist. Before the Court is Defendants' Motion to Quash the Subpoena directed to the law firm Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C. ("Ancel Glink"). For the following reasons, the Court, in its discretion, grants Defendants' motion with respect to deposing a Federal Rule of Civil Procedure 30(b)(6) deponent representing Ancel Glink. The Court, however, directs Defendants to file a reply brief providing the necessary information required to assert the attorney-client, common interest, or work product privileges with respect to the documents requested. Finally, Defendants must also address Parvati's argument concerning the crime-fraud exception as it relates to the documents requested. Defendants' reply brief is due on or before October 25, 2010.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court shall quash or modify a subpoena if it requires disclosure of privileged information or subjects a person to undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 935 (7th Cir. 2004). Moreover, a district court may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed.R.Civ.P. 26(b)(2). Motions to quash are within the sound discretion of the district court. *See Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000).

# ANALYSIS

## I.      Documents Requested

Parvati requests documents that were exchanged between Ancel Glink and the City, Dowd & Dowd, or Medard M. Narko & Associates that reflect communications about specific City ordinances and zoning issues from 2005 to 2008. In the present motion to quash, Ancel Glink claims that the requested documents are privileged by some combination of the attorney-client privilege, common interest privilege, or work product privilege. To claim information is privileged, the nonparty withholding the subpoenaed information must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2)(A)(ii). This requirement corresponds to Fed.R.Civ.P. 26(b)(5) in that Rule 26(b)(5) requires parties asserting privilege to complete a privilege log and Rule 45(d)(2)(A)(ii) "imposes the same obligation on nonparties responding to subpoenas." *Mosely v. City of Chicago*, 252 F.R.D. 421, 426 (N.D. Ill. 2008). A privilege log must identify the following information for each separate document: "the date; the author and recipients, including their capacities; the subject matter of the document; the purpose for its production; and a specific explanation of why it is privileged." *Miyana Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 257 F.R.D. 456, 460 (N.D. Ill. 2008).

Here, Defendants merely assert that the requested documents were privileged without providing specific information upon which the Court can base its determination. Beyond asserting conclusory statements, Defendants have done nothing to demonstrate how Parvati's requests are overly broad. On the other hand, Parvati sufficiently identified the relevant parties, date ranges, and subject matter contained in each requested document. As such, the Court directs Defendants to file a reply brief and provide the necessary information required to assert these privileges. *See Prevue Pet Prods., Inc. v. Avian Adventures, Inc.,* 200 F.R.D. 413, 415 (N.D. Ill. 2001) ("burden of establishing privilege is on the party asserting it"). Defendants must also address Parvati's crime-fraud exception argument in its reply brief.

## II.      Depositions Requested

In its subpoena, Parvati seeks a Rule 30(b)(6) deponent from Ancel Glink, which is the law firm that served as the City's corporate counsel during the relevant time period in this lawsuit and now serves as the individually named Defendants' counsel in this litigation. Although attorneys are not automatically immune from being deposed in a lawsuit, depositions of opposing counsel "provide a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Prevue Pet Prods.*, 200 F.R.D. at 418 (citation omitted); *see also S.E.C. v. Buntrock,* 217 F.R.D. 441, 445 (N.D. Ill. 2003) (federal courts take a critical view of deposing opposing counsel). Courts in this district have adopted the approach that parties seeking to depose opposing

counsel must establish that: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Prevue Pet Prods.,* 200 F.R.D. at 418 (citation omitted).  Here, Parvati has failed to make any such showing.

Most of the information Parvati seeks involves communications between the City and Ancel Glink raising the issue of attorney-client privilege.  *See Sandra T.E. v. South Berwyn Sch. Dist. 100,* 600 F.3d 612, 618 (7th Cir. 2010) ("The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice.")  Other requests involve communications between Ancel Glink and previous counsel for the City, the law firms Dowd & Dowd and Medard M. Narko & Associates, which implicate the common interest privilege.  *See  In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 416 (N.D. Ill. 2006) (common interest doctrine, which is an extension of the attorney-client privilege, applies where parties undertake a joint effort regarding a common legal interest). Meanwhile, the only request that does not implicate any such privileges involves communications with Shomon, Inc.  Parvati, however, has not established why it cannot obtain this information by deposing representatives of Shomon, Inc. or through other means available.  *See Prevue Pet Prods.,* 200 F.R.D. at 418.  In fact, Parvati has not demonstrated that the information it seeks in its Rule 30(b)(6) deposition is crucial to its case in the first instance.  *See id.*  Without more, Parvati has failed in its burden of establishing that deposing a Rule 30(b)(6) deponent from Ancel Glink is appropriate under the circumstances.