Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 702 | **DATE** | 11/1/2010 |
| **CASE TITLE** | Parvati Corp vs. City of Oak Forest et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendant's motion for leave to file a Second Additional Affirmative Defense [256]. Defendants must file their Second Additional Affirmative Defense in accordance with this order by no later than 11/5/10.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     On December 14, 2009, Plaintiff Parvati Corporation ("Parvati") filed its five-count Fourth Amended Complaint against Defendants the City of Oak Lawn ("the City"), Adam Dotson, Steve Jones, and David Newquist alleging race discrimination in preventing the sale of Parvati's hotel to Bethlehem Enterprise, Inc. ("Bethlehem") for use as a senior living facility/extended stay hotel for the predominantly African-American members of Bethlehem church. *See* 42 U.S.C. §§ 1981, 1982. Parvati also alleges an equal protection claim based on race, as well as a due process claim and a First Amendment retaliation claim. *See* 42 U.S.C. § 1983. Before the Court is the City's motion for leave to file a Second Additional Affirmative Defense. For the following reasons, the Court, in its discretion, grants in part and denies in part the City's motion for leave to file a Second Additional Affirmative Defense. The City must file its Second Additional Affirmative Defense in accordance with this order by no later than November 5, 2010.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a plaintiff leave to amend if 'there is undue delay, bad faith[,] or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (citations omitted). The Court may also deny a plaintiff's motion for leave to amend a complaint if either "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted); *see also Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 562 F.3d 798, 811 (7th Cir. 2009). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Solltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted); *see also Schor v. City of Chicago*, 576 F.3d 775, 770 (7th Cir. 2009).

## ANALYSIS

Relevant to this motion, Parvati alleged that Defendant Newquist "intentionally gave false testimony indicating that a portion of the area previously zoned Limited Manufacturing District had been rezoned M-1 in order falsely to suggest that a delineation had been made of which of the lots that were formerly in the Limited Manufacturing District were to be designated as M-1 or M-2." (R. 149, Fourth Am. Compl. ¶ 133.) Parvati also alleged that Defendant Dotson "intentionally gave false testimony indicating that the Subject Property had been zoned M-2 in order to secure an affirmance of said denial because Bethlehem was owned and operated entirely by blacks and Parvati was owned and operated entirely by Asian/Pacific Islanders" (*Id.* ¶ 132.)

Based on these allegations, the City maintains that during discovery it became clear that Parvati intends to argue that Newquist and Dotson intentionally offered this testimony to discriminate against Parvati and Bethlehem. As such, the City seeks leave to assert the defense of absolute testimonial immunity. Defendants' Second Additional Affirmative Defense reads as follows:

> 1. To the extent that Parvati seeks to impose liability on either the individual defendants or the city for testimony which Parvati believes is "intentionally false," (See paragraphs 138-140 of the Fourth Amended Complaint) the individual defendants are absolutely immune with respect to any claim brought pursuant to §§1981, 1982 and 1983.
>
> 2. Additionally, inasmuch as the doctrine of absolute testimonial immunity immunizes the individual defendants, it likewise immunizes the city from any claim.

(R. 256-1, Affirm. Def. ¶¶ 1, 2.)

In response to the City's motion, Parvati argues that municipalities do not have immunity, qualified or absolute, under the federal civil rights laws presumably to show that any amendment to Defendants' affirmative defenses would be futile. *See Smart,* 562 F.3d at 811; *Sound of Music*, 477 F.3d at 922-23. Indeed, as the Seventh Circuit teaches:

> units of government are not entitled to immunity in suits under § 1983. Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines.

*Hernandez v. Sheahan,* 455 F.3d 772, 776 (7th Cir. 2006) (citing *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980)). As the Seventh Circuit further articulates, *Owen* "holds that governmental bodies whose own policies are unconstitutional cannot obtain a derivative benefit from the qualified immunity that may protect their employees. [W]e cannot see any reason why a governmental entity would be entitled to one kind of immunity but not another." *Hernandez,* 455 F.3d at 776. Accordingly, the City's Second Additional Affirmative Defense as to the City of Oak Forest is futile. The individual Defendants, however, may evoke absolute immunity. *See id.* Therefore, the City must amend its Second Additional Affirmative Defense by removing any language that the City is entitled to absolute immunity.