# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 702 | **DATE** | 11/16/2010 |
| **CASE TITLE** | Parvati Corp vs. City of Oak Forest et al | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants Defendants' Corrected Motion to Quash the Subpoena directed to the law firm Dowd & Dowd, Ltd. [235] in its entirety.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On December 14, 2009, Plaintiff Parvati Corporation ("Parvati") filed its five-count Fourth Amended Complaint against Defendants the City of Oak Lawn ("the City"), Steve Jones, Adam Dotson, and David Newquist alleging race discrimination in preventing the sale of Parvati's hotel to Bethlehem Enterprise, Inc. ("Bethlehem") for use as a senior living facility/extended stay hotel for the predominantly African-American members of Bethlehem church. *See* 42 U.S.C. §§ 1981, 1982. Parvati also alleges an equal protection claim based on race, as well as a due process claim and a First Amendment retaliation claim. *See* 42 U.S.C. § 1983. Before the Court is Defendants' Corrected Motion to Quash the Subpoena directed to the law firm Dowd & Dowd, Ltd. ("Dowd").[1] For the following reasons, the Court, in its discretion, grants Defendants' motion in its entirety.

|  | *Courtroom Deputy* | KF |
|---|---|---|

---

[1] Parvati's argument that the parties did not conduct a Rule 37.2 conference is belied by the fact that the parties discussed the materials at issue on September 10, 2010. The Court reminds the parties that if they wish to file any further discovery or sanctions motions, including motions to quash, they must file a joint statement providing the information required by Northern District of Illinois Local Rule 37.2. This joint statement must provide details of the arguments advanced by both sides and the steps taken to confer in good faith. Failure to do so will result in a denial of any such motion. *See Autotech Tech. Ltd. Partnership v. Automationdirect.Com, Inc.,* 05 C 5488, 2007 WL 2713352, at *4 (N.D. Ill. Sept. 12, 2007).

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court shall quash or modify a subpoena if it requires disclosure of privileged information or subjects a person to undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 935 (7th Cir. 2004). A district court also may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed.R.Civ.P. 26(b)(2). Motions to quash are within the sound discretion of the district court. *See Wollenburg v. Comtech Mfg.Co.*, 201 F.3d 973, 977 (7th Cir. 2000).

## BACKGROUND

In the August 29, 2010 subpoena at issue in this motion, Parvati requests documents reflecting communications between Dowd and the City or its representatives from 2006, 2007, or 2008 that relate to the property at issue and its zoning. More specifically, the subpoena requests that Dowd produce the following materials:

1. Any and all documents from 2006, 2007, or 2008 reflecting communications between Dowd & Dowd, Ltd, and any "officer, executive, administrator, department, committee, employee, agent and/or representative of the City of Oak Forest" relating to the real property commonly known as 4375 Frontage Road, Oak Forest, Illinois 60452 (the subject property) zoned M2 or M2;

2. Any and all documents from 2006, 2007, or 2008 reflecting communications, including but not limited to correspondence, e-mails, memoranda of oral communications and notes between any employee, attorney, representative or agent of Dowd & Dowd, and any officer, executive, administrator, department, committee, employee, agent and/or representative of the City on the other hand relating in any way to the City of Oak Forest, Illinois zoning map updated March 28, 2006;

3. Any and all documents from 2006, 2007, or 2008 reflecting communications including, but not limited to correspondence, e-mails, memoranda of oral communications, and notes, between any employee, attorney, representative or agent of Dowd & Dowd, Ltd, on the one hand, and any officer, executive, administrator, department, committee, employee, agent and/or representative of the City relating to the answer filed by Dowd & Dowd, Ltd. Defendant's City of Oak Forest Answer to Plaintiff's Complaint in Case No. 1:06-cv-01772;

4. Any and all documents from 2006, 2007, or 2008 reflecting communications, including but not limited to correspondence, e-mails, memoranda of oral communications and notes, between any employee, attorney, representative or agent of Dowd & Dowd, Ltd, on the one hand and any officer, executive, administrator, department, committee, employee, agent and/or representative of the City, on the other hand relating to the answer filed by Dowd & Dowd, Ltd. to paragraph 57 in the City of Oak Forest Planning and Zoning Commission's answer to plaintiff's second amended complaint in Case No. 1-06-cv-01772;

5. Any and all documents from 2006, 2007, or 2008 reflecting communications, including, but not limited to correspondence, e-mails, memoranda of oral communications and notes, between any employee, attorney, representative or agent of Dowd & Dowd, Ltd, on the one hand and any officer, executive, administrator, department, committee, employee, agent and/or representative of

the City, on the other hand relating to responses to request no. 59 and 60 in the City of Oak Forest's supplemental response to plaintiff's request to producing Case No. 1:06-cv-01772.

## ANALYSIS

I.   **Attorney-Client Privilege**

In its motion to quash, the City contends that the requested communications are not subject to discovery because they are protected by the attorney-client privilege or the attorney work product doctrine. To claim information is privileged, the nonparty withholding the subpoenaed information must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2)(A)(ii). This requirement corresponds to Fed.R.Civ.P. 26(b)(5) in that Rule 26(b)(5) requires parties asserting privilege to complete a privilege log and Rule 45(d)(2)(A)(ii) "imposes the same obligation on nonparties responding to subpoenas." *Mosely v. City of Chicago*, 252 F.R.D. 421, 426 (N.D. Ill. 2008). A privilege log must identify the following information for each separate document: "the date; the author and recipients, including their capacities; the subject matter of the document; the purpose for its production; and a specific explanation of why it is privileged." *Miyana Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 257 F.R.D. 456, 460 (N.D. Ill. 2008).

Here, the City has provided a privilege log detailing the date of the documents at issue, the actual document, the subject matter, and the privilege it is asserting. In its opening legal memorandum in support of the present motion to quash, the City explains that the materials requested in the subpoena are communications and materials generated by Dowd, who represented the City on the subject property as of March 29, 2006. Also, Thomas Jacobson and other Dowd lawyers represented the City in the related case 06-cv-1772.

In its subpoena, Parvati seeks Dowd's direct communications with the City to which the attorney-client privilege or work product privilege attaches because the letters and memoranda contain background information needed to investigate the complaint in the 06-cv-1772 matter, as well as other matters pertaining to this lawsuit. The December 2006 memoranda to file, for example, concerned counsels' conversations with Defendants Jones and Dotson about the subject property and the zoning process. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 388 (7th Cir. 2008) ("Communications from attorney to client are privileged [] if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence."). Based on the City's privilege log and explanation of the materials that are privileged, the City has met its burden in establishing that these documents are protected by the attorney-client and work product privileges. *See Kodish v. Oakbrook Terr. Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006).

II.   **Crime-Fraud Exception**

Nonetheless, Parvati argues that the documents it subpoenaed are discoverable under the crime-fraud exception to the attorney-client privilege. *See United States v. Zolin,* 491 U.S. 554, 563, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) (attorney-client privilege "does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime."). In general, under this exception, attorney privilege is forfeited if the attorney is assisting his client in committing a future crime or a fraud. *See Judson Atkinson,* 529 F.3d at 388; *United States v. Al-Shahin,* 474 F.3d 941, 946 (7th Cir. 2007). "To invoke the crime-fraud exception, the party seeking to abrogate the attorney-client privilege must present prima facie evidence that 'gives colour to the charge' by showing 'some foundation in fact.'" *United States v. BDO Seidman, LLP,* 492 F.3d 806, 818 (7th Cir. 2007) (citations omitted). In other words, the party seeking discovery must first make a threshold showing of a factual basis supporting the crime-fraud exception. *See Zolin*, 491 U.S. at 572. Under *Zolin*, "the party advocating its application must make a two-part showing: first, that there is some reason to believe that a

crime or fraud has been committed, and second that the communications were in furtherance thereof." *See In re Sulfuric Acid Antitrust Litig.,* 235 F.R.D. 407, 420 (N.D. Ill. 2006).

Parvati does not argue that Defendants committed a crime. Instead, Parvati contends that "Defendants committed fraud by misrepresenting to Parvati, Bethlehem, and the Court that the subject property was zoned M-2 when it had never been zoned M-2." This argument is a stretch based on the information Parvati presents to the Court. In particular, Parvati's argument in support of this alleged fraudulent conduct is based on certain zoning commission minutes and deposition testimony in which Defendants first maintained that some of the zoning of the relevant area would be M-1, but later stated that the zoning of the entire area would be M-2. Thus, it appears that Parvati's argument is that Defendants' change in position constitutes fraud. Nevertheless, even if the Court were to conclude (which it does not) that these communications show that there is a reason to believe that Defendants' conduct was fraudulent, Parvati has failed to show that these communications were made in furtherance of the alleged fraudulent scheme. *See id.* at 420. In other words, Parvati must demonstrate that "there is some reason to believe that the communications were intended to facilitate or conceal the alleged crime or fraud." *Abbott Labs. v. Andrx Pharms., Inc.,* 241 F.R.D. 480, 488 (N.D. Ill. 2007). Without more, the Court would be hard-pressed to conclude that the crime-fraud exception applies under the circumstances.